IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN CHRISTOPHER CANNON, 1820211, Petitioner, | ) ) ) |
| v. | ) No. 3:14-CV-3936-B ) |
| WILLIAM STEPHENS, Director, TDCJ-CID, Respondent. | ) ) ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.     Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for evading arrest/detention with a vehicle, enhanced, and theft, enhanced. *State of Texas v. John Christopher Cannon*, No. F45407 (413th Jud. Dist. Ct., Johnson County, Tex., Nov. 8, 2012). On November 8, 2012, the court sentenced Petitioner to fifty years in prison on the evading arrest/detention count and twenty years in prison for the theft count, to run concurrently.

On August 15, 2013, the Thirteenth District Court of Appeals affirmed the convictions and sentences. *Cannon v. State*, No. 13-13-00076-CR (Tex. App. – Corpus Christi, 2013, pet.

ref'd). On December 18, 2013, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 1274-13.

On May 19, 2014, Petitioner filed two state habeas petitions. *Ex parte Cannon*, Nos. 43,935-03 and -04. On July 9, 2014, the Court of Criminal Appeals denied the petitions without written order.

On October 8, 2014, Petitioner filed the instant § 2254 petition. He argues:

1. He was denied defense counsel of his choice;
2. His guilty pleas were involuntary;
3. The indictment was defective; and
4. He received ineffective assistance of appellate counsel.

## II. Factual Background

The following factual background is taken from the appellate court's decision.

An employee at a Target store in Burleson, Texas called police after observing appellant open two packages of perfume with a knife. Terry Hambley, a city marshal, approached [Cannon] as he was leaving the store and asked to talk to him. Hambley testified that he identified himself as a peace officer and asked to speak to [Cannon]. [Cannon] attempted to avoid him by hiding behind his car. Hambley demanded to see [Cannon]'s hands but [Cannon] jumped in his car and drove out of the parking lot. A high-speed car chase ensued that ended when [Cannon] hit a telephone pole while turning. [Cannon] continued fleeing on foot until Burleson City Police Officer Nicholas Littlejohn caught up with [Cannon] and arrested him.

The State indicted [Cannon] for theft of less than $1,500 with two prior convictions and evading arrest by means of vehicle. The State alleged two enhancement paragraphs for each offense and sought an affirmative finding that [Cannon] used or exhibited a deadly weapon in committing the offense of evading arrest.

[Cannon] entered an open plea of guilty to both charges, pleaded "true" to all enhancement paragraphs and to the State's proposed deadly weapon finding, and elected for the trial court to assess his punishment. The trial court assessed imprisonment for twenty years on the first count and for fifty years on the second count. The trial court ordered the sentences to run concurrently.

*Cannon v. State*, No. 13-13-00076-CR, 2013 WL 4399183, at *1 (Tex. App. Aug. 15, 2013)

## III. Discussion

### 1. Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

### 2. Guilty Pleas

Petitioner challenges his guilty pleas as involuntarily and unknowingly entered. Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

Petitioner pled guilty to both the evading arrest and the theft charges. He also pled true to the enhancement paragraphs and the State's notice of intent to seek an affirmative finding of a deadly weapon. (Plea Tr. at 5-11.) The State offered Petitioner a plea bargain of twenty years in prison in exchange for his guilty pleas, but Petitioner rejected the plea offer. Instead, Petitioner went open to the court for punishment.

Petitioner claims his pleas were involuntary because he was misled by the court's admonishments regarding his appellate rights. He states the court and his counsel told him he

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 4**

would retain the right to appeal if he pled open to the court, but they failed to tell him that an appeal of his sentence would unlikely have merit if the court sentenced him within the statutory range. The record shows that after Petitioner pled guilty, the court confirmed with Petitioner that he wanted a bench trial on the issue of punishment. The record states:

| | |
|---|---|
| COURT: | And you are not waiving your right to appeal? |
| PETITIONER: | No, sir. |
| COURT: | So if you don't like – it's your intention to go forward with a bench trial with me on punishment; is that correct? |
| PETITIONER: | Yes, sir. |
| COURT: | Starts tomorrow. |
| PETITIONER: | Yes, sir. |
| COURT: | And you will still retain and you'll have your right to appeal whatever decision I make to Waco or to a higher court if you don't agree; you understand? |
| PETITIONER: | Yes, sir. |

(Plea Tr. at 6.)

After the court confirmed that Petitioner wanted to proceed to a bench trial for sentencing, the court learned from defense counsel that the State had offered Petitioner a plea bargain of twenty years. The court questioned Petitioner regarding his understanding of the possible range of punishment. The record states:

| | |
|---|---|
| COURT: | The plea bargain offer is twenty years in exchange for your guilty plea, which you've already given and the court has accepted your plea of guilty. You understand? |

| | |
|---|---|
| PETITIONER: | Yes, sir. |
| COURT: | You wish to go forward – I can listen to the punishment evidence, but having found you guilty, the only thing the Court can do, the minimum the Court can give you is 25. Do you understand that little problem you're in? |
| PETITIONER: | Yes, sir. |

\* \* \* \*

| | |
|---|---|
| COURT: | If you go forward with a bench trial, the law requires me at a minimum to send you to jail for 25 years. You understand that? |
| PETITIONER: | Yes, I do. |
| COURT: | Do you want to go forward with a bench trial? |
| PETITIONER: | May I? I just don't want to give up my right to appeal, Judge. |
| COURT: | Ah, I got you on that. You want your right to appeal. |
| PETITIONER: | Yes, sir. |

(Plea Tr. at 12-14.)

The record shows the court correctly informed Petitioner that he a right to appeal the court's sentencing decision. Petitioner in fact did appeal his sentence. It appears Petitioner is arguing the court should have provided him legal advice as to the merits of any appeal. Petitioner has cited no authority to support such a claim.

Petitioner also cites Texas Code of Criminal Procedure 26.13 to argue the court failed to inform him that if he accepted the plea agreement, and the court sentenced him to more than twenty years, he could appeal the sentence. Plaintiff's claim is without merit. Under § 26.13(a)(2), if a court decides to reject the plea agreement, it must inform the defendant and give

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 6**

the defendant the opportunity to withdraw his guilty plea. If the court accepts the plea agreement, a defendant must seek permission from the trial court to file an appeal. *See* Tex. Crim. Proc. § 26.13(a)(3). In this case, Petitioner rejected the plea agreement and went open to the court. Therefore, section 26.13(a)(2) and (3) did not apply to Petitioner's sentencing.

Petitioner also claims he received ineffective assistance of counsel which rendered his guilty pleas involuntary. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner claims his counsel failed to inform him that he had no substantive right to any particular sentence within the statutory range. Petitioner, however, states he understood the range of punishment was twenty-five years to life. (Reply at 5.) The record also shows Petitioner understood the court could not sentence him to less than twenty-five years on the evading arrest charge. The record states:

| | |
|---|---|
| COUNSEL: | Mr. Cannon, you and I had an opportunity to talk last week and again today. And I told you, and you remember we talked last week, Friday, and I told you that the State had made a plea bargain offer of 20 yrs TDC; is that right? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | In other words, they – they said that offer is still available today. |
| PETITIONER: | Yes. |
| COUNSEL: | And after we discussed that, you told me you wanted to proceed with what we call an open plea, or in more archaic terms, throwing yourself on the mercy of the court; is that right? |
| PETITIONER: | Yes, sir. |
| COUNSEL: | And I've explained to you that the way this case works because of your priors, because you're enhanced to a habitual offender, if we persuade the Judge entirely that he should show leniency to you and we are completely persuasive and your witnesses and your testimony convinces him, the lowest sentence he can give you is 25 years. |
| PETITIONER: | Yes, sir. |

(Plea Tr. at 11-12.)

The record shows Petitioner knew that an open plea did not entail any substantive right to a particular sentence, and he was instead "throwing himself on the mercy of the court." Petitioner has failed to show his pleas were involuntary or that he received ineffective assistance of counsel.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge - Page 8**

3. **Counsel of Choice**

Petitioner states his conviction was unlawful because he was denied defense counsel of his choice. Respondent argues this claim is procedurally barred because Petitioner failed to raise the claim in state court. Petitioner responds that he failed to raise the claim on state habeas review because he was not represented by counsel. Without reaching whether the claim is procedurally barred, the Court finds the claim is waived.

Once a guilty plea has been entered, all nonjurisdictional defects are waived. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)(citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)). As discussed above, the Court has determined Petitioner's pleas were knowingly and voluntarily entered. By entering guilty pleas, Petitioner waived any claim regarding the appointment of counsel. *See United States v. Broce*, 488 U.S. 563 (1989) (holding that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."). Petitioner's claim is therefore without merit and should be denied.

4. **Indictment**

Petitioner claims the indictment was defective because the indictment failed to provide notice of how Petitioner's use of his motor vehicle rendered the vehicle a deadly weapon. Respondent argues this claim is procedurally barred because Petitioner failed to raise the claim in state court. The Court finds Petitioner raised the claim in state habeas petition. *See Ex parte Cannon*, No. 43,935-04 at 75.) The Court therefore declines to dismiss the claim as procedurally barred.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge - Page 9**

Petitioner raised his challenge to the indictment on state habeas review, and the Court of Criminal Appeals denied the claim. Where the question of sufficiency of the indictment is presented to the highest state court of appeals, the issue is foreclosed in federal habeas proceedings. *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009) (citing *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994)). This claim should therefore be denied.

5.   **Appellate Counsel**

Petitioner claims his appellate counsel was ineffective because counsel failed to challenge the voluntariness of his guilty pleas and failed to challenge the indictment. As discussed above, Petitioner's guilty pleas were knowingly and voluntarily entered. Petitioner's claims regarding his counsel's failure to challenge his guilty pleas on appeal are therefore without merit.

Petitioner claims appellate counsel should have challenged the indictment by arguing the indictment failed to provide notice of how Petitioner's use of his motor vehicle rendered it a deadly weapon. The record shows that on June 8, 2012, the State filed a notice of intent to seek an affirmative finding of a deadly weapon. (*Ex parte Cannon*, 43,935-03 at 239.) The notice stated that Petitioner "did use or exhibit a deadly weapon during commission of the offense, to wit: a motor vehicle, that in the manner of its use or intended use was capable of causing death or serious injury."

A defendant is entitled to written notice that the State will seek an affirmative finding that a deadly weapon was used or exhibited during the commission of the charged offense. *Brooks v. State*, 847 S.W.2d 247, 248 (Tex.Crim.App.1993). The notice need not be contained in the indictment, but it must be in writing. *Ex parte Patterson*, 740 S.W.2d 766, 775

(Tex.Crim.App.1987), *overruled on other grounds by Ex parte Beck,* 769 S.W.2d 525, 528 (Tex.Crim.App.1989). "The defendant is simply 'entitled to notice in some form that the use of a deadly weapon will be a fact issue at the time of prosecution.'" *Id.* (quoting *Beck,* 769 S.W.2d at 526).

In this case Petitioner was provided with sufficient notice that use of a deadly weapon would be a fact issue in his case. Petitioner has failed to show the indictment was defective or that his counsel rendered ineffective assistance of counsel.

### 5. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### RECOMMENDATION:

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this ___ day of February, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 11**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).